UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
CHAUNCEY DOZIER,

              Plaintiff,

    v.

THE CITY OF NEW YORK,
NEW YORK CITY POLICE OFFICER
RICHARD GALVEZ, Shield # 1953, 75th Precinct,
NEW YORK CITY POLICE SERGEANT
VALERY DRANTYEV, Shield #595, 75th Precinct,

              Defendant(s).
-------------------------------------------------------X

**COMPLAINT &
JURY DEMAND**

**CV 14          3554**

**GLEESON, J.**

**REYES, M.J**

## PRELIMINARY STATEMENT

1. This is a Civil Rights action in which Plaintiff, CHAUNCEY DOZIER, seeks redress for the Defendant's violation of rights secured by the Civil Rights Act of 1866 and 1871, 42 U.S.C. 1983 and of the rights secured by the Fourth Amendment, and by the Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and/or rights secured by under the laws and Constitution of the State of New York.

## JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331, 1343(3), this being an action seeking redress for the violation of Plaintiff's Constitutional and Civil Rights. The amount of damages in controversy exceeds One Hundred and Fifty Thousand ($150,000.00) Dollars. exclusive of interest and costs.

−1−

3.  Plaintiff's claim for declaratory and injunctive relief is authorized by 28 U.S.C. Sections 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4.  The Plaintiff further invokes this Court's pendant jurisdiction, pursuant to 28 U.S.C. Section 1367(a), over any and all State claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5.  The Plaintiff demands a trial by jury on each and every one of the claims pleaded herein.

## VENUE

6.  Venue is proper for the United States District Court of the Eastern District of New York pursuant to 28 U.S.C. Sections 1391 (a), (b) and (c).

## PARTIES

7.  The Plaintiff, CHAUNCEY DOZIER is a United States Citizen of African-American descent, and is, and at all times relevant herein, a resident of the State of New York.

8.  Defendants, NEW YORK CITY POLICE OFFICER RICHARD GALVEZ, Shield Number 1953, upon information and belief of the 75th Precinct, and NEW YORK CITY POLICE SERGEANT VALERY DRANTYEV, Shield Number 3363, upon information and belief of the 67th Precinct, are and at all times relevant, Officers and employees/agents of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agency of Defendant CITY OF NEW YORK. Defendant NEW YORK CITY POLICE OFFICER RICHARD GALVEZ and Defendant NEW YORK CITY POLICE SERGEANT VALERY DRANTYEV are sued individually and in their official capacity. At all times relevant Defendant NEW YORK CITY POLICE OFFICER RICHARD GALVEZ and

–2–

Defendant NEW YORK CITY POLICE SERGEANT VALERY DRANTYEV were acting under the color of State Law in the course and scope of their duties and functions as agents, servants, employees and Officers of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK and otherwise performed and engaged in conduct incidental to the performance of their lawful duties.  Defendants NEW YORK CITY POLICE OFFICER GALVEZ and Defendant NEW YORK CITY POLICE SERGEANT DRANTYEV were acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT at all times relevant herein with the power and authority vested in them as Police Officers, agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to the lawful pursuit of their duties as Officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

9.  Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a Police Department which acts as its agent in the area of Law Enforcement and for which it is ultimately responsible.  Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a Police Department and the employment of Police Officers a s said risk attaches to the public consumers of the services provided by THE NEW YORK CITY POLICE DEPARTMENT.

10.  THE NEW YORK CITY POLICE DEPARTMENT, while not a named Defendant, is nevertheless a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to carry out all police functions for Defendant CITY OF NEW YORK and assumes the risk incidental to the maintenance of a police force and the employment of Police Officers, including the named Defendant New York City Police Officers.

-3-

## STATEMENT OF FACTS

11. On June 5, 2013 at approximately 5:00 a.m. Plaintiff was inside his residence located at 496 Vermont Street in Brooklyn, New York, when members of NEW YORK CITY POLICE DEPARTMENT, including named defendants NEW YORK CITY POLICE OFFICER RICHARD GALVEZ, Shield Number 1953 of the 75th Precinct, NEW YORK CITY POLICE SERGEANT VALERY DRANTYEV, also of the 75th precinct, knocked on the Plaintiff's door and demanded to be let into the Plaintiff's residence. The Plaintiff asked the named defendant officers why they were at the residence, whereupn Defendant NEW YORK CITY POLICE OFFICER RICHARD GALVEZ and NEW YORK CITY POLICE SEERGEANT VALERY DRANTYEV, informed the Plaintiff that they were there because someone had called the police. Upon information and belief, the Plaintiff informed the named defendant officers that the person that called the police had left. The Plaintiff then began to close the door to his residence whereupon one of the defendant Officers placed his foot in the door and prevented the Plaintiff from closing the door. The Named defendant officers, who did not have an arrest or search warrant for the Plaintiff or the premises, and without the existence of exigent circumstances which would warrant a forcible entry, then pushed the door open and Defendant SERGEANT DRANTYEV immediately, and without reason or provocation, punched the Plaintiff in the face with a closed fist, causing the Plaintiff to suffer extreme pain and injury to his face. Both Defendant Officers then proceeded to throw the Plaintiff to the floor causing the Plaintiff to land on his right shoulder, causing extreme pain and injury to the shoulder.  The named Defendant Officers then proceeded to strike the Plaintiff several more times about the body. Upon information and belief, the individual that the Defendant Officers believed to be present in the Plaintiff's residence was not present when the defendant Officers forcibly entered the Plaintiff's

-4-

residence. The Defendant Officers proceeded to physically search the Plaintiff, then placed the Plaintiff under arrest and transported him to the 75th Precinct, where the Plaintiff was searched again, fingerprinted, and placed in a holding cell. The Plaintiff was subsequently transported to Central Booking in downtown Brooklyn where he was searched a third time, photographed, and eventually arraigned on a Criminal Court complaint drafted and filed by the KINGS COUNTY DISTRICT ATTORNEY'S OFFICE, based upon allegations levied by named Defendant NEW YORK CITY POLICE OFFICER GALVEZ and NEW YORK CITY POLICE SERGEANT DRANTYEV, charging the Plaintiff with Obstruction of Governmental Administration (New York Penal Law Section 195.05) and Resisting Arrest (New York Penal Law Section 205.30) after being held in the custody of THE NEW YORK CITY POLICE DEPARTMENT for over twenty four hours. The Plaintiff was required to seek medical attention for his right shoulder and was required to retain counsel to defend himself against the criminal accusations levied by named defendant OFFICER GALVEZ and SERGEANT DRANTYEV. Upon further information and belief, on July 16, 2013 the Kings County District Attorney's Office filed a Certificate of Readiness stating that they were ready to try the Plaintiff's criminal case, then subsequently adjourned the case in contemplation of dismissal on September 10, 2013. The criminal charges against the Plaintiff were dismissed and sealed on or about March 10, 2014. As a result of the injury to Plaintiff's shoulder incurred during the incident, the Plaintiff is in extreme pain, requiring continued medical treatment in an attempt to regain the functionality, range and motion of Plaintiff's shoulder. Plaintiff has lost the ability to sleep on the injured shoulder and has lost time from work in order to obtain medical treatment for his shoulder and as a result has incurred medical expenses, doctor visits and limitations to his daily activities that he could engage in prior to the complained of incident.

## FIRST FEDERAL CLAIM

### Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, Excessive Force.

12. The Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Eleven (11) as if fully set forth herein.

13. Upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICER RICHARD GALVEZ, acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully using excessive force upon the Plaintiff, without lawful cause or reason.

14. That the actions of Defendant NEW YORK CITY POLICE OFFICER RICHARD GALVEZ occurred in and during the course and scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## SECOND FEDERAL CLAIM

### Violation of rights secured by Section 42 U. S.C. 1983 and the Fourteenth Amendment to the United States Constitution, Excessive Force

15. The Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Fourteen (14) as if fully set forth herein.

16. Upon information and belief, the conduct of Defendant NEW YORK CITY POLICE SERGEANT VALERY DRANTYEV, acting under color of State Law violated Section 42 U.S.C. 1983 by unlawfully using excessive force upon Plaintiff without lawful reason or cause.

17. That the actions of Defendant NEW YORK CITY POLICE SERGEANT VALERY

–6–

DRANTYEV occurred in and during the scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

### THIRD FEDERAL CLAIM

### Violation of the rights secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution- False Arrest

18. The Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Seventeen (17) as if fully set forth herein.

19. Upon information and belief, the conduct of Defendants NEW YORK CITY POLICE OFFICER RICHARD GALVEZ and SERGEANT VALERY DRANTYEV acting under color of State Law violated Section 42 U.S.C. 1983 by unlawfully entering the Plaintiff residence and placing him under arrest for no lawful reason or cause.

20. That the actions of Defendants NEW YORK CITY POLICE OFFICER RICHARD GALVEZ and SERGEANT VALERY DRANTYEV occurred in and during the scope of their duties and functions as New York City Police Officers, and while acting as agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

### FOURTH FEDERAL CLAIM

### Violation of the Rights Secured by Section 42 U.S.C. 1983, and the Fourth and Fourteenth Amendments to the United States Constitution- Malicious Prosecution

21. The Plaintiff incorporates by reference each of the allegations contained in Paragraphs

One through Twenty Two (22) as if fully set forth herein.

23.  Upon information and belief, the conduct of named defendants NEW YORK CITY POLICE OFFICER RICHARD GALVEZ and NEW YORK CITY POLICE SERGEANT VALERY DRANTYEV, acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully, and with malice, providing false information to the KINGS COUNTY DISTRICT ATTORNEY'S OFFICE, initiating a prosecution against the Plaintiff, which prosecution was subsequently resolved in Plaintiff's favor.

24.  that the actions of defendants NEW YORK CITY POLICE OFFICER RICHAR GALVEZ and NEW YORK CITY POLICE SERGEANT VALERY DRANTYEV occurred in and during the scope of their duties and functions as New York City Police Officers, and while acting as employees and agents of THE NEW YORK CITY POLCIE DEPARTMENT and the CITY OF NEW YORK. resulting in the aforementioned and hereinafter mentioned harm to the Plaintiff.

## FIRST STATE LAW CLAIM

25.  The Plaintiff incorporates by reference each of the allegations contained in paragraphs One (1) through Twenty Four (24) as if fully set forth herein.

26.  That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training. screening, supervising and/or instructing Defendant NEW YORK CITY POLICE OFFICER RICHARD GALVEZ resulted in physical injury to the Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## SECOND STATE LAW CLAIM

27.  The Plaintiff incorporates by reference each of the allegations contained in paragraphs One (1) through Twenty Six (26) as if fully set forth herein.

–8–

28.  That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant NEW YORK CITY POLICE SERGEANT VALERY DRANTYEV resulted in physical injury to the Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## THIRD STATE LAW CLAIM

29.  The Plaintiff by reference incorporates by reference each of the allegations contained in paragraphs One (1) through Twenty Eight (28) as if fully set forth herein

30.  That the Defendant CITY OF NEW YORK, through the doctrine of Respondeat Superior, is liable for the actions of Defendants, NEW YORK CITY POLICE OFFICER RICHARD GALVEZ and SERGEANT VALERY DRANTYEV, which resulted in the detention, and injury to the Plaintiff, public humiliation and embarrassment, emotional distress and the incurrence of monetary damages, and resulting in the aforementioned and hereinafter mentioned harm to the Plaintiff.

## FOURTH STATE LAW CLAIM

31.  The Plaintiff incorporates by reference each of the allegations contained in paragraphs One (1) through Thirty (30) as if fully set forth herein.

32.  That Defendant NEW YORK CITY POLICE OFFICER RICHARD GALVEZ and NEW YORK CITY POLICE SERGEANT VALERY DRANTYEV, intentionally assaulted the Plaintiff, causing Plaintiff to suffer injury to his arms, shoulder and face and considerable pain, suffering and the incurrence of medical expenses.

33.  That the actions of named Defendant, NEW YORK CTY POLICE OFFICER RICHARD GALVEZ and NEW YORK CITY POLICE SERGEANT VALERY DRANTYEV, resulted in

–9–

physical injury to Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

**WHEREFORE,** the Plaintiff demands the following relief jointly and severably against all Defendants:

    1. Compensatory Damages for Plaintiff.

    2. Punitive Damages against Defendants NEW YORK CITY POLICE OFFICER RICHARD GALVEZ and NEW YORK CITY POLICE SERGEANT VALERY DRANTYEV.

    3. A Court Order pursuant to 42 U.S.C. 1998 that the Plaintiff is entitled to costs of the instant action, and Attorney's fees.

    4. Such other and further relief as the Court may deem necessary and appropriate, including declaratory relief.


Dated: June 5, 2014
New York, NY

                                      VICTOR M. BROWN, ESQ.
                                      (VB-5289)
                                      Attorney for Plaintiff
                                      11 Park Place, Suite 600
                                      New York, NY 10007
                                      (212) 227-7373
                                      Fax(212) 227-2330
                                      E: vbrownlaw@yahoo.com